**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES KENNETH WALLACE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1881** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "A"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Charles Kenneth Wallace, Sr., a state prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: the State of Louisiana; Bobby Jindal, the former governor of Louisiana; James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections; James "Buddy" Caldwell, the former Attorney General of Louisiana; the "Master Tobacco Settlement"; Price-Waterhouse-Cooper; Louisiana Prison Enterprises; and unidentified members of the Louisiana Legislature. In this lawsuit, plaintiff claims that his federal constitutional rights are being violated by the fact that he is not allowed to purchase tobacco products and smoke in jail.

Because of plaintiff's long history of filing frivolous lawsuits, the undersigned denied him permission to proceed as a pauper in this matter. Rec. Doc. 7. Undeterred by that ruling, plaintiff then simply paid the filing fee. However, while that payment entitles him to have the Court review his claim, it does not entitle him to pursue yet another frivolous lawsuit.

On the contrary, federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  It is beyond cavil that § 1915A applies even where, as here, the prisoner paid the filing fee.  See, e.g., Thompson v. Hayes, 542 Fed. App'x 420 (5th Cir. 2013); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

As noted, in this lawsuit, plaintiff claims that his federal constitutional right to purchase tobacco products and smoke in jail is being violated.  However, no such right exists under federal law.  Mauchlin v. Hood, 167 Fed. App'x 735 (10th Cir. 2006); Jackson v. Burns, Case No. 95-3359, 1996 WL 362739 (10th Cir. June 28, 1996); Seaton v. Michigan Department of Corrections,

Case No. 1:15-cv-1330, 2016 WL 354710, at *8 (W.D. Mich. Jan. 29, 2016); <u>Kwon v. Johnson</u>, No. 7:10CV00506, 2010 WL 5127532 (W.D. Va. Dec. 7, 2010); <u>Smith v. Dennison</u>, Civ. Action No. 4:09-CV-57, 2010 WL 1883479, at *2-4 (W.D. Ky. May 11, 2010); <u>Muff v. Collins</u>, Civ. Action No. 2:08-cv-1027, 2009 WL 233561 (S.D. Ohio Jan. 29, 2009).  Accordingly, because plaintiff's complaint is premised on a right that simply does not exist, it should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of February, 2016.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**